<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HONG ZHUANG,<br><br>                    Plaintiff,<br><br>v.<br><br>EMD PERFORMANCE MATERIALS CORP.,<br><br>                    Defendant. | Case No. 3:18-cv-01432 (BRM) (TJB)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant EMD Performance Materials Corp.'s ("EMD PM") Motion for Partial Reconsideration of the Court's January 29, 2021 Opinion and Order (ECF Nos. 106[1] and 107) on the issue of employment reinstatement. (ECF No. 109.) Plaintiff Hong Zhuang ("Zhuang") opposes the Motion. (ECF No. 110.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, EMD PM's Motion for Partial Reconsideration is **DENIED**.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The underlying facts are set forth at length in the Court's January 29, 2021 Opinion (ECF No. 106), from which EMD PM seek reconsideration. In the interest of judicial economy,

---

[1] The Opinion was originally filed under seal and was replaced on February 16, 2021 with the unsealed version which required no redactions or changes following the parties' review and representation to the Court.

1

the Court refers the parties to that Opinion for a full recitation of the factual and procedural background of this dispute.[2]

Briefly, this is an employment discrimination matter involving Zhuang's claims she was harassed during her employment at EMD PM and unfairly terminated by the company on April 3, 2017. On June 7, 2019, Zhuang filed a third motion to amend the complaint (ECF No. 66) and EMD PM opposed. (ECF No. 67.) On July 10, 2019, Magistrate Judge Tonianne J. Bongiovanni granted the motion. (*See* ECF Nos. 69 and 70.) The third amended complaint ("TAC") was filed on July 11, 2019. (ECF No. 71.) EMD PM answered the TAC on July 26, 2019. (ECF No. 74.) A second amended scheduling order was signed by Judge Bongiovanni on October 21, 2019, which indicated all discovery shall be completed by January 21, 2020, and any dispositive motions were due by February 21, 2020. (ECF No. 80.) Following a letter from EMD PM, Judge Bongiovanni filed a text order ordering dispositive motions were to be filed by May 22, 2020. (*See* ECF No. 84.) On May 22, 2020, EMD PM filed a Motion for Judgment on the Pleadings as to Count II of the TAC, which alleges retaliation in violation of *Pierce v. Ortho Pharma. Corp.*, 417 A.2d 505 (N.J. 1980) pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 85), and a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 86.) On June 22, 2020, Zhuang filed an opposition to the Motion for Judgment on the Pleadings (ECF No. 90) and a combined brief in opposition to EMD PM's Motion for Summary Judgment and in support of a Cross-Motion for Partial Summary Judgment. (*See* ECF Nos. 91 and 92.) On

---

[2] The Court also refers the parties to three separate opinions for an even further recitation of facts and issues: (1) *Hong Zhuang v. EMD Performance Materials Corp.*, Civ. A. No. 18-1432 (BRM) (TJB), 2018 WL 3814282 (D.N.J. Aug. 10, 2018); (2) *Hong Zhuang v. EMD Performance Materials Corp.*, Civ. A. No. 18-1432 (BRM) (TJB), 2019 WL 1547272 (D.N.J. Apr. 8, 2019); and (3) *Hong Zhuang v. EMD Performance Materials Corp.*, Civ. A. No. 18-1432 (BRM) (TJB), 2019 WL 3037568 (D.N.J. July 10, 2019).

July 20, 2020, EMD PM opposed the Cross-Motion for Partial Summary Judgment. (ECF No. 98.) On January 29, 2021, EMD PM's Motion for Judgment on the Pleadings was denied as moot; EMD PM's Motion for Summary Judgment was granted in part and denied in part; and Zhuang's cross-motion for partial summary judgment was denied. (ECF No. 107.) On February 12, 2021, EMD PM filed this Motion for Reconsideration on the limited issue of EMD PM's request for summary judgment on Zhuang's prayer for employment reinstatement to EMD PM. (ECF No. 109.) On February 19, 2021, Zhuang opposed the Motion arguing, in part, Zhuang's prayer for reinstatement is an appropriate remedy at the conclusion of trial, and therefore, EMD PM's Motion should be denied. (ECF No. 110.) EMD PM did not file a reply.

**II.    LEGAL STANDARD**

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L. Civ. R. 7.1(i); *Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *see Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

"Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Rowe v. Superintendent Albion SCI*, Civ. A. No. 19-1744, 2019 WL 11790187, at *1 (3d Cir. Sept. 9, 2019), *cert. denied sub nom. Rowe v. Clark*, 140 S. Ct. 1143 (2020). Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration:

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

*Blystone*, 664 F.3d at 415–16 (citations omitted).

Additionally, a court commits clear error of law "only if the record cannot support findings that led to the ruling." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d at 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Shoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*,

4

88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

**III.  DECISION**

EMD PM seeks reconsideration of "one narrow issue" presented in its Motion for Summary Judgment: EMD PM's request for summary judgment on Zhuang's prayer for employment reinstatement. (ECF No. 109-1 at 2.) EMD PM argues "neither the Court's Order nor its Opinion addresses EMD PM's request for summary judgment on Plaintiffs' prayer for reinstatement," and therefore, "overlooked" factual and legal bases supporting EMD PM's Motion concerning Zhuang's prayer for reinstatement. (*Id.*) EMD PM further argues Zhuang's reinstatement to EMD PM is "not a feasible form of relief in this case" due to the "passage of time and [] irreparable conflict" between Zhuang and her co-workers at EMD PM. (*Id.*)[3] Zhuang opposes the Motion arguing, in part, any "irreparable conflict" between Zhuang and her co-workers no longer exists because those co-workers who harbored "animosity toward Dr. Zhuang" no longer work at EMD

---

[3] According to EMD PM, the "question of whether the equitable remedy of reinstatement is appropriate" is a question for the Court and not the jury and should be adjudicated now to narrow the issues to be decided at trial. (*Id.* at 3.)

PM.[4] (ECF No. 110 at 6.) Further, reinstatement should be granted "where feasible," which remains a question of fact that should be determined at the conclusion of trial. (*Id.* at 8.)

EMD PM does not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision. Consequently, EMD PM's Motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in some manifest injustice. (*See* ECF No. 109-1 at 1 (arguing that the Motion for Reconsideration is "necessary" because the Court "overlooked" factual and legal bases supporting EMD PM's motion for summary judgment on the issue of reinstatement).)

First, the Court's Opinion and Order did not overlook EMD PM's argument for summary judgment on the limited issue of reinstatement. Rather, the Court declined then, as it does now, to rule on the issue of damages and remedies before trial. Indeed, EMD PM is correct – the Court "has broad discretion to determine whether reinstatement is proper; [the Third Circuit] will overrule it only if it abuses that discretion." *Wilhelm v. Pennsylvania*, 118 F. App'x 611, 614 (3d Cir. 2004) (citing *Feldman v. Phila. Hous. Auth.*, 43 F.3d 823, 832 (3d Cir. 1994)). While "reinstatement may not be feasible when there is no position left or the relationship between the two parties is too hostile," the Court declines to conclude reinstatement is improper or not feasible before trial. *Id.*; *see DePiano v. Atl. Cty.*, Civ. A. No. 02-5441, 2005 WL 2143972, at *1 (D.N.J. Sept. 2, 2005) (finding that where certain claims will proceed to trial which provide for

---

[4] Specifically, Zhuang argues "EMD [PM] ignores the fact that neither of the two individuals who had animosity toward Dr. Zhuang, Ms. Felix and Ms. Dye, still work[] for EMD [PM]." (ECF No. 110 at 6.)

6

reinstatement, "[w]hether reinstatement is ultimately an appropriate remedy will need to be decided at trial").[5]

Second, because several claims will proceed to trial, including NJLAD and FMLA, which provide for reinstatement, the Court declines to rule on damages and remedies at this time. *See Simonetti v. Broadridge Fin. Sols., Inc.*, Civ. A. No. 10-3903, 2012 WL 32931, at *6 (D.N.J. Jan. 5, 2012) (recognizing that the "damages provision of FMLA provid[es] that employee plaintiff may recover damages for lost wages and other compensation as well as appropriate equitable relief such as reinstatement"); *DePiano*, 2005 WL 2143972, at *1 (noting that NJLAD provides for reinstatement in certain situations).

Accordingly, EMD PM's Motion for Partial Reconsideration is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, EMD PM's Motion for Partial Reconsideration is **DENIED**.

*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2021

---

[5] Ordinarily, "a plaintiff who prevails in an employment discrimination case is 'made whole' by a backpay award coupled with an order for reinstatement." *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 796 (3d Cir. 1985). Reinstatement, an equitable remedy, is the preferred means by which to avoid future lost earnings. *Id.* In such cases where reinstatement is not possible, "front pay," an award of future earnings from the time plaintiff was wrongfully discharged to the time when he can find (or found) comparable employment, is an alternate remedy. It is the Court's responsibility to decide whether reinstatement or front pay is the appropriate remedy. *Feldman*, 43 F.3d at 831–32. If reinstatement is the proper remedy, the issue of front pay will not be submitted to the jury, because to award both would be to award the plaintiff a double recovery. *Id.* "If the Court determines that 'front pay' is the appropriate remedy, then the jury is charged with the task of determining the proper amount of those damages." *DeSanto v. Rowan Univ.*, 224 F. Supp. 2d 819, 832 (D.N.J. 2002).